UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

GLENN MICHAEL CYBULSKI,            No. 13-10277

                      Debtor(s).
_____/

RITA WARREN,

                      Plaintiff(s),

          v.                                  A.P. No. 13-1071

GLENN MICHAEL CYBULSKI,

                      Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

     On November 26, 2003, plaintiff Rita Warren filed a complaint in state court against defendant Glenn Cybulski and numerous others alleging fraud, conversion, and violation of state securities laws including California Corporations Code § 25110 (sale of unregistered securities) and § 25401 (misrepresentation in the sale of securities). Her complaint claimed damages regarding a payment of $800,000 made on February 16, 2001, and a further payment of $290,000 made on March 27, 2001. On August 3, 2005, Warren and Cybulski entered into a written settlement agreement whereby

1

Cybulski would make an initial payment of $30,000 and give Warren a secured note for $170,000. In 2009, after Cybulski defaulted on the note, Warren obtained a default judgment against him for $270,000.

Cybulski filed his Chapter 7 bankruptcy petition on February 11, 2013. Warren filed this adversary proceeding objecting to the dischargeability of her claim on May 20, 2013. Her complaint was not based on the allegations made in her state complaint, but rather alleged that Cybulski had entered into the 2005 settlement agreement with no intent to perform it so that the unpaid amount of the settlement was nondischargeable on account of alleged fraud.

At the initial conference on the adversary proceeding, the court commented on the weakness of Warren's case as Cybulski had made a substantial payment and given Warren a secured note for the balance. However, the court went further and cited *Brown v. Felson* to Warren's counsel as possibly standing for the proposition that the original claims might still be asserted. In retrospect, the court regrets this insertion into the case.

On November 15, 2013, Warren filed an amended complaint reviving the allegations she had made against Cybulski a decade earlier and adding a claim based on § 523(a)(19) of the Bankruptcy Code, which exempts from discharge a settlement resulting from a violation of state or federal securities laws.

The court set the matter for trial on October 14, 2014. About a month before the trial, Warren substituted herself as counsel. When the matter came on for trial, she had made none of the pretrial disclosures required by the Federal Rules of Civil Procedure nor had she complied with the court's pretrial order. The court vacated the trial date - without sanction - and set a new date trial date of April 16, 2015. The court specifically and clearly informed Warren that since she was the plaintiff in the case she was required to make all disclosures and comply with the court's pretrial order. When Warren asked to speak to the court privately, the court explained that it could not do so but prevailed upon another bankruptcy judge to meet with her.

When the matter came on for trial on April 15, 2015, Warren had again completely failed to

comply with her pretrial requirements.  At that time, Cybulski made a motion for summary judgment. He pointed out that in addition to failing to properly prepare for trial, Warren had failed to respond to requests for admissions which were now deemed admitted.  The court initially plunged into the matters deemed admitted, quizzing Cybulski's counsel and bringing the court's fairly extensive knowledge of the law to bear.  However, after a few questions the court realized what it was doing.  Warren had articulated no relevant argument against the motion.  She was seeking to deny Cybulski the benefits of his bankruptcy discharge and leave him saddled with a large nondischargeable debt for the rest of his life.  Such a result is possible only if Warren proved her case, and not because the court felt sorry for her.  It was patently improper to force Cybulski to litigate against the judge.  The court then ceased its examination of Cybulski's counsel and granted his motion.

Warren appealed to the district court, which affirmed judgment against Warren on all claims except the § 523(a)(19) claim which Warren's counsel had added after the court mentioned *Brown v Felson.*  The district court remanded the § 523(a)(19) claim without specific instruction.

Cybulski's second motion for summary judgment is now before the court.  He argues that his settlement with Warren made in 2005 is not excepted from discharge pursuant to § 523(a)(19) because in her state court action she never alleged a violation of federal securities laws and any claim for violation of California Corporations Code § 25110 had lapsed on account of the applicable statute of limitations.  He also argues that Warren's deemed admissions establish that there were no misrepresentations necessary for liability under § 25401.  Warren has not responded at all to the statute of limitations argument or the lack of federal claims in her state court complaint.  Her factual representations are not made under penalty of perjury and, in any event, she is not free to refute her own deemed admissions.

When litigation in a nonbankruptcy forum has resulted in a settlement prior to bankruptcy, the role of the bankruptcy court is to examine the facts and determine if the settlement is the result of violation of securities laws.  4 **Collier on Bankruptcy** (16th Ed.), ¶ 523.27[2].  Section 523(a)(19) is to be read narrowly and applied only to debtors who have been found to have violated securities laws.

3

*Id.*, ¶ 523.27[1]. If state securities laws require fraudulent intent to establish liability, a plaintiff in bankruptcy must prove such intent. *Id.*

Warren's state court securities claims were twofold: that Cybulski sold her unregistered securities in violation of California Corporations Code § 25110, for which damages may be sought pursuant to § 25503; and that he made misrepresentations in the sale of securities in violation of § 25401, for which damages may be sought pursuant to § 25501. As to the former, the court agrees with Cybulski that the two-year statute of limitations bars her claim, and Warren has made no argument to the contrary. The latter claim is subject to the four-year statue of limitations set forth in § 25506(a) and was timely.

The court cannot grant summary judgment based on Cybulski's alleged lack of misrepresentations because his motion relies on the same deemed admissions that the district court considered. Since the district court has found the deemed admissions do not justify summary adjudication in favor of Cybulski on Warren's § 523(a)(19) claim, this court is not free to summarily determine otherwise.

For the foregoing reasons, Cybulski's motion for summary judgment will be granted in part. It shall be deemed without controversy that the settlement which is the subject of Warren's § 523(a)(19) claim cannot be based on violation of federal securities laws because no violation of federal laws was alleged in the underlying state court complaint. The settlement cannot be based on the sale of unregistered securities under California law because such claims were barred by the applicable statute of limitations. However, insofar as the motion seeks a determination that the settlement cannot be based on misrepresentations in the sale of securities to Warren, the motion will be denied without prejudice. Counsel for Cybulski shall submit an appropriate form of order.

Dated: June 27, 2017

Alan Jaroslovsky
U.S. Bankruptcy Judge